**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| FENGXIANG CAO,<br><br>     Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>     Respondent. | No. 08-72130<br><br>Agency No. A098-612-886<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2012[**]
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and CALLAHAN, Circuit Judges.

Fengxiang Cao petitions for review of the Board of Immigration Appeals's

("BIA") decision adopting and affirming the order of the Immigration Judge ("IJ")

denying Cao's application for asylum, withholding of removal, and protection

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT").  Because the parties are familiar

with the history of the case, we need not recount it here.  We deny the petition.

I

The IJ properly concluded that Cao's asylum application was time-barred.[1]

Cao concedes that he failed to file his asylum application within one year after the

date of his last arrival in the United States, and he has not established that either

changed circumstances or extraordinary circumstances excused the delay.  8 U.S.C.

§ 1158(a)(2)(D).

Cao's lawful status terminated when his P-3 visa expired in December 2003,

and he provides no facts to explain why ten months passed before he took any

action to adjust his status or seek relief.  He also offers no facts to explain why

eight months passed before he discovered that his petition for lawful permanent

status was denied.  Without any such explanation, Cao's delay in applying for

asylum following the termination of his lawful status was unreasonable and

therefore does not fall within either the changed circumstances or extraordinary

---

[1] Because the BIA cited its decision in *Matter of Burbano*, 20 I. & N. Dec.
872 (BIA 1994), and did not express disagreement with any part of the IJ's
decision, we review the IJ's decision as if it were that of the BIA.  *Abebe v.
Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc).

circumstances exception to the one-year filing rule. *See Husyev v. Mukasey*, 528 F.3d 1172, 1182 (9th Cir. 2008).

### III

The IJ's adverse credibility determination is supported by substantial evidence. Under the standards of the REAL ID Act, an IJ may make an adverse credibility determination on the basis of an inconsistency between a petitioner's testimony and any other evidence in the record. 8 U.S.C. § 1231(b)(3)(C). Such an inconsistency does not need to go to the heart of the petitioner's claim. *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010).

The IJ pointed to a specific instance where Cao's testimony conflicted with the written statement of his wife in the record. *See Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2009). Cao testified that since he left China his wife has moved twice to avoid the harassment of government officials, but in her written statement Cao's wife only mentioned moving once. The IJ considered and addressed Cao's explanation for the inconsistency, and offered a cogent reason for rejecting it. *See Shrestha*, 590 F.3d at 1044. Thus, the IJ properly considered the inconsistency in light of the totality of the circumstances, as required by the REAL ID Act. *See* 8 U.S.C. § 1231(b)(3)(C). Because the IJ's adverse credibility determination is supported by substantial evidence, the IJ did not err in concluding that Cao failed

to meet his burden of establishing through credible testimony his eligibility for withholding of removal. *See Shrestha*, 590 F.3d at 1048.

Because the IJ's adverse credibility determination was supported by this inconsistency finding, we need not and do not consider whether his other findings could also provide a basis for the adverse credibility determination.

IV

The IJ's determination that Cao failed to establish his eligibility for protection under CAT is also supported by substantial evidence. Because the IJ properly found Cao's testimony not credible, this Court is left with only the State Department's country reports in the record to assess the likelihood that Cao will be subject to torture upon return to China. *See id.* at 1048–49. These reports do not compel the conclusion that it is more likely than not that Cao will be subject to torture in China.

**PETITION DENIED.**